# ESTATE OF MARTHA J. SNIVELY, DECEASED.

APPEAL BY J. STOUFFER SNIVELY FROM THE ORPHANS' COURT OF FRANKLIN COUNTY.

Argued June 4, 1889—Decided June 28, 1889.
[To be reported.]

1. A recognizance for the payment of owelty upon land taken by an heir in an Orphans' Court partition, is a lien upon the entire estate in the land thus taken, including the interest therein which passed to the recognizor by descent: McCandless' App., 98 Pa. 489, and cases cited.
2. A recognizance given by a married woman for owelty upon land

Statement of Facts.

awarded to her in such a proceeding, is no exception to the rule; the extent of the lien of her recognizance is unaffected by her coverture, and there is no analogy between the case and that of a purchase money judgment given by a feme covert.

3. Whether, in a partition proceeding, a married female heir has the right to bid for land independent of her husband, and whether the Orphans' Court has power to award it to her without the consent and against the protest of her husband, and in disregard of his claim to be allowed to bid for it in her right, not decided.

4. Even if such an award be erroneous, the error under the decree will be voidable merely, and upon distribution of the proceeds of the same real estate, sold after the married woman's death, the regularity of the proceedings as affecting the recognizance given by her cannot be questioned.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 44 May Term 1888, Sup. Ct.; court below, number and term not given.

On June 22, 1886, Irene R. Eby, executrix of the will of Martha J. Snively, deceased, filed her first and final account, charging herself with $1,806, as the proceeds of real estate sold, and claiming allowance of credits aggregating $1,879.74. The latter sum included a credit for $1,538 due the accountant upon a recognizance given by the testatrix in an Orphans' Court partition wherein said real estate had been awarded to her. To this account J. Stouffer Snively, surviving husband of the decedent, filed exceptions, whereupon *Mr. W. J. Zacharias* was appointed auditor to pass upon said exceptions and make distribution of the fund.

The auditor reported, finding the following facts:

Benjamin Eby died May 19, 1862, intestate, seised of the real estate from the sale of which the fund before the auditor arose. He left surviving him four children, Mary E., Emma F., Irene R. and Martha J. Eby. Mary and Emma subsequently died intestate, unmarried, and without issue, and Martha was married to J. Stouffer Snively. On June 24, 1884, Irene R. Eby and Martha J. Snively being then the owners of the real estate above mentioned, each owning the undivided one half thereof, a proceeding for its partition was instituted in the Orphans' Court of Franklin county. A jury of inquest made return that the

property could not be divided without spoiling the whole, and appraised the same at $1,750. Thereupon a rule upon the parties in interest to come into court and accept or refuse the real estate, or show cause why it should not be sold, was issued. On the return day of the rule Irene R. Eby and Martha J. Snively each appeared, in person and by counsel, and expressed a desire to take the land at the valuation and a willingness to bid for the same. J. Stouffer Snively also appeared and presented a petition praying that he might be permitted to take in right of his wife, Martha J. Thereupon the court granted a rule on said Martha J. and Irene R. to show cause why said J. S. Snively should not be permitted to bid, which rule after argument the court discharged in an opinion filed November 24, 1884. On the same day Irene R. Eby and Martha J. Snively both appeared in open court, and by order of the court filed, sealed bids in writing; whereupon, it appearing that the bid of Martha J. Snively was the higher of the two, the court awarded said real estate to her, at her bid of $2,905, upon her entering into the proper recognizance. She then acknowledged in open court a recognizance in the sum of $2,822, conditioned for the payment in one year to Irene R. Eby of $1,411, and also for the payment of the costs of partition amounting to $83. No appeal from the decree awarding the land to Martha J. Snively was ever taken.

On February 3, 1885, Martha J. Snively died, owning the land so awarded to her, and owing the entire sum payable on said recognizance to Irene R. Eby, and one half the costs of said partition proceedings. By her will, which was duly probated, she bequeathed to Irene R. Eby all her personal property absolutely, and the use and enjoyment of her real estate for life, with power to sell or mortgage the same, the residue, if any, to go at the death of Irene R. Eby to the children of the testatrix, and appointed said Irene R. Eby executrix of her will. J. Stouffer Snively, the husband of the testatrix, elected to take against the said will and under the intestate law.

All the funds with which the accountant charged herself were derived from a sale of the real estate awarded to the testatrix in the partition proceedings aforesaid, said sale having been made by the executrix under order of the Orphans' Court for the payment of debts.

Upon the facts so found, the auditor reported the following conclusions of law:

## CONCLUSIONS OF LAW.

1. The inquisition proceedings and the order of court discharging the rule obtained by J. Stouffer Snively upon Irene R. Eby and Martha J. Snively to show cause why he should not be permitted to bid, not having been appealed from by said J. Stouffer Snively, are conclusive upon him and cannot be inquired into collaterally in this proceeding.

2. The recognizance given by Martha J. Snively in the Orphans' Court of Franklin county (given in the 14th finding of fact), for the use of Irene R. Eby, said recognizance having been given in the proceedings of partition on the real estate of Benjamin Eby, deceased, is only a lien upon and enforceable against or out of the undivided one half of the real estate of Benjamin Eby, deceased, which the said Martha J. Snively acquired in the proceedings in partition of said real estate. The other undivided one half of said real estate, which the said Martha J. Snively acquired by descent, cannot be held answerable for any part of said recognizance.

3. The one half of the costs of the inquisition proceedings must be borne by the undivided one half of said real estate acquired by the said Martha J. Snively by proceedings in partition; the other one half of said costs must be borne by the undivided one half of said real estate acquired by the said Martha J. Snively by descent.

4. Martha J. Snively having died while the proceedings in divorce were pending, J. Stouffer Snively, as tenant by the curtesy, is entitled to the annual interest upon the fund which represents the undivided one half of said real estate which the said Martha J. Snively acquired by descent; said fund having first borne its proportionate share of the expenses of the audit and the debts for which she was liable.

—In support of these conclusions of law the auditor further reported:

There were two vital questions presented to the auditor.

1. Was the refusal of the Orphans' Court to allow J. Stouffer Snively to bid at the inquisition proceedings upon the estate of Benjamin Eby, deceased, properly before the auditor, so that it could be inquired into in this collateral way before

him? The effort was made by counsel of exceptants to over-throw the entire inquisition proceedings, and thus render the recognizance given to Irene R. Eby by Martha J. Snively en-tirely nugatory. Now it is admitted by every one, that the in-quisition proceedings were regular up to the time J. Stouffer Snively obtained the rule upon his wife Martha J. Snively and Irene R. Eby to show cause why he should not be permitted to bid. The subsequent refusal of the court to allow him to take any part of the land, in right of his wife, when she desired to take, and to bid when both she and Irene R. Eby had elected to take it at the appraisement, and the decree of the court award-ing the land to Martha J. Snively and her recognizance therefor, have never been appealed from by J. Stouffer Snively or any one else. These proceedings are res judicatæ, cannot be inquired into collaterally before the auditor, and are conclusive upon the parties: Herr v. Herr, 5 Pa. 428; Merklein v. Trapnell, 34 Pa. 42. This, therefore, needs no further argument.

2. The only remaining questions are: What estate did Mar-tha J. Snively acquire by reason of the proceedings in partition upon Benjamin Eby's estate, and what was the extent of the lien of the recognizance given by Martha J. Snively to Irene R. Eby?

\* \* \* \* \* \* \* \*

On November 6, 1875, Martha J. Eby married J. Stouffer Snively, and was at this date, viz.: November 6, 1875, the owner by descent of the undivided one half of the real estate of Benjamin Eby, deceased. At the time, then, that the pro-ceedings in partition were begun, Martha J. Snively, a married woman, and the wife of J. Stouffer Snively, was the owner by descent of the undivided one half of the real estate, from the sale of which the fund before the auditor arises. . . . . .

Upon the death of Martha J. Snively, some two months af-ter entering into the recognizance, her executrix obtained an order of sale for the payment of debts; the real estate was sold for the sum of $1,806 and the fund is now before the auditor for distribution, and the lien of the recognizance thus given must be determined.

The doubt formerly was, whether a recognizance given in such a case did not bind, not only the land taken, but that previously acquired also; but it was settled in Allen v. Reesor, 16 S. & R. 10, that "a recognizance binds no more than the

land taken by the decree." This was followed by Allen v. Getz, 2 P. & W. 310, deciding, virtually, the same thing, and by other cases. Your auditor, therefore, found, as a conclusion of law, that the recognizance is only a lien upon and enforceable out of the undivided one half of the real estate of Benjamin Eby, deceased, which the said Martha J. Snively acquired in the proceedings in partition of said real estate. The other undivided one half of said real estate which the said Martha J. Snively acquired by descent cannot be held answerable for any part of said recognizance.

Counsel for Irene R. Eby, the recognizee, insists that this controversy is ruled by Cubbage v. Nesmith, 3 W. 314, but your auditor thinks otherwise. The syllabus of this case is, "A recognizance given for the payment of the distributive shares of an intestate by a purchaser, is a lien on the whole estate *taken* by him at the appraisement." To this proposition your auditor, in the main, accedes. But here we have to do with the recognizance of a married woman, given with respect to real estate in which her husband, before partition, had an interest by virtue of the marital relation subsisting between them. Your auditor thinks that Martha J. Snively *took* only the undivided one half; the other undivided one half she already had by descent long before the proceedings in partition were instituted. In this undivided one half, which she had acquired by descent, J. Stouffer Snively had an interest the moment he married her, as tenant by curtesy. Nothing but an absolute conveyance by him of this interest, acknowledged according to law, could defeat it. Now, if a wife could thus by a recognizance so incumber her previously acquired real estate as to defeat her husband's rights as tenant by curtesy, she would be able to do that without his consent which she may do only with his consent. When a husband takes real estate in right of his wife, the recognizance he gives does not bind her interest in the estate: Kean v. Ridgway, 16 S. & R. 60; Hoffer v. Wightman, 5 W. 205; Evans v. Ross, 107 Pa. 231; and no more can a wife defeat her husband's interest in previously acquired real estate by a recognizance.

But more than this. Martha J. Snively at the time she signed and entered into this recognizance was, as I have said, a married woman, and she was a *purchaser*, nothing more. Any

obligation she might enter into as a purchaser could be enforced against the property she acquired by such purchase, but not out of property previously acquired : Patterson v. Robinson, 25 Pa. 81; Ramborger v. Ingraham, 38 Pa. 146; Vandyke v. Wells, 103 Pa. 49. Now, suppose Martha J. Snively had purchased at private sale the undivided interest of Irene R. Eby, given a purchase-money judgment therefor, execution had been issued and sold by the sheriff. Would the sheriff's vendee have acquired by his purchase the entire fee? I think not. The undivided one half which Martha J. Snively had acquired by descent would, in such case, remain her property; and your auditor can see no difference in principle between such a proceeding and the one before him for consideration.

—In accordance with the conclusions reached by him, the auditor disallowed the credit taken for $1,538 on account of the recognizance. He then divided the fund arising from the sale of the real estate into two parts. From the one half thereof, representing the undivided one half interest in said real estate which the testatrix acquired by descent, he deducted one half of the credits allowed by him to the accountant, which included one half of the partition costs; also the one half of the costs of audit and certain other costs for which the estate of the testatrix was liable; directing that the balance thus ascertained should bear interest for J. Stouffer Snively, during his life, and upon his death be paid to the children of Martha J. Snively. From the other one half of said real estate fund the auditor deducted the one half of the credits aforesaid, and the one half of the costs of audit, awarding the balance then remaining to Irene R. Eby, on account of the sum due to her upon the recognizance of Martha J. Snively.

Exceptions filed to said report on the part of Irene R. Eby, were disposed of in the following opinion by ROWE, P. J.:

On reading the opinion of this court, filed November 24, 1884, in the application of J. Stouffer Snively, husband of Martha J. Snively, to be allowed in right of his wife to bid for the land appraised under the proceedings in partition, I am perfectly satisfied with the conclusion then reached, upon a careful review of the statutes and decisions, that the husband had no right to bid. The reasons seem to me at least unanswerable.

He had no right to take at the valuation, unless all the children of the deceased, Benjamin Eby, refused to take and acquiesced in his taking. His attitude of a husband accepting in right of his wife is that of a purchaser: Kean v. Ridgway, 16 S. & R. 64, 65.

I endeavored, in that opinion, to seek out the grounds on which the right of the husband to take is based. I omitted one ground, which perhaps should now be noticed. It is said, "her right of election is an incident of her person, and he succeeds to it by the marriage as he does to all her other rights that are purely personal." But is this right purely personal, or is it an incident of property? Take other cases of her right to elect. Suppose A and B, husband and wife. A makes a will and dies. B, his widow, marries C. Afterwards she wishes not to take under A's will. Is the right of election in her husband, or in herself? Suppose again A devises a tract of land in trust to be sold and the proceeds paid to B, a married woman. B can elect to re-convert and take the land itself instead of the proceeds of sale. Shall her husband exercise this right? It was never so supposed, though a married woman was able to effect a re-conversion only with difficulty: Bispham's Equity, 4th ed., 322, 324.

Evans v. Ross, 107 Pa. 236, has been cited. But it scarcely touches the point involved in this discussion. There the husband had been allowed to take, and it was held that his wife's estate in the land was not bound by his recognizance.

I hold firmly that the court was not in error in ordering the land to Martha J. Snively, the wife, at her bid; she being one of two daughters, the only heirs of Benjamin Eby, and therefore, by the express words of the statute, authorized to accept the land at the valuation.

Now the act declares that the party accepting shall pay the others interested, or give good security by recognizance. If a married woman can accept the land at all, she ex necessitate has power to give the required recognizance. The law gives her the power to do what it enjoins her to do. And, indeed, if she cannot give a recognizance, she cannot accept the land and have it assigned to her by the court, because the giving security for the shares of the other heirs is a condition precedent, without the performance of which no estate vests: Scott on

Intest. Law, 2d ed., 689. But if she can accept the land and give recognizance, being a person named in the act as entitled to take, she is on the same footing with other heirs sui juris, who accept at the valuation or bid. The recognizance binds the whole land. The quantity of her interest and not her title is altered by the decree. The recognizance to the other children is a lien on the whole, which may be sold as an indivisible mass : Kean v. Ridgway, supra; Cubbage v. Nesmith, 3 W. 314; Scott on Intest. Law, 688. The auditor, in his 16th finding of facts (where it seems out of place), says : " The said Martha J. Snively, by the proceedings in partition, acquired no more than the one undivided one half of said real estate ; the other undivided half having descended to her in her own right as heir at law of Benjamin Eby." The obvious comment is, the interest of every heir who accepts descended to him as heir at law, and in this a married woman is not peculiar. But in the case of one sui juris the recognizance binds this his descended interest, along with the interests acquired from the other heirs, the whole land including the interest which the cognizor before had. And are the other parties to the partition to be the worse off in point of security, because an heir who accepts by right conferred by law, which they cannot gainsay, happens to be a married woman ? If a wife's recognizance binds only the shares and the interests of the other heirs, it must be upon the ground that she has no capacity to enter into the obligation, but, as when she purchases land, may not keep the land and money both, and so the obligation is held binding and a lien, not only on the interest she has acquired by the proceedings. But, as I argued, the statute names her as a party entitled to take in her order, and then demands of her a recognizance, which imports or confers the power and capacity to make one.

But now suppose the court had no power to order the land to her, notwithstanding that there were no sons, and she was eldest daughter and highest bidder. The order was either merely erroneous and voidable, or else it was absolutely void. If the former, it is conclusive until reversed or set aside, and precisely the same consequences must follow as would follow if it were not erroneous but proper : Painter v. Henderson, 7 Pa. 48; Herr v. Herr, 5 Pa. 428; Merklein v. Trapnell, 34 Pa. 42. If the decree and recognizance were absolutely void, no par-

tition was made; Irene has her undivided interest as before, and the purchaser at the Orphans' Court sale bought only Mrs. Snively's undivided one half: Caldwell v. Walters, 18 Pa. 79. I am of opinion the recognizance bound the whole land.

As regards the minor questions, I have to say, first: Since Mr. Snively, after the death of his wife, elected to take against her will, and "according to the intestate laws of Pennsylvania," it would seem that he is not to be treated as tenant by the curtesy, but as entitled to one third of her land for life: Act of May 4, 1855, P. L. 430.

As to the cost in partition, Irene has paid half. The bid was $2,905; costs $83. This was deducted, leaving $2,822, and so Irene's half $1,411, the amount of the recognizance. Therefore the whole costs are payable out of Mrs. Snively's estate.

.    *     *     *     *     * .     *     *     *

The report is remanded to the auditor for distribution according to the principles of this opinion.

The auditor then made an amended report in accordance with the opinion of the court, awarding to Irene R. Eby upon the recognizance the sum of $1,514.94. This report having been confirmed absolutely, J. Stouffer Snively took this appeal, specifying that the court erred:

1. In holding that the recognizance given by Martha J. Snively bound the undivided one half of the land which she had acquired by descent.

2. In not holding that said recognizance bound only the undivided one half of said land which Martha J. Snively acquired from Irene R. Eby in the partition proceedings.

3. In overruling the first report of the auditor.

4. In confirming the amended report of the auditor and decreeing distribution in accordance therewith.

*Mr. O. C. Bowers* (with him *Mr. A. G. McLanahan, Jr.*), for the appellant:

1. A married woman cannot convey, lease or mortgage her real estate without the joinder of her husband: Dunham v. Wright, 53 Pa. 167; Buchanan v. Hazzard, 95 Pa. 240. It is true she may purchase land and give a purchase money judg-

ment, but she can thereby encumber only the land acquired by the purchase, not land that she already owns: Quinn's App., 86 Pa. 447; Vandyke v. Wells, 103 Pa. 49; Shnyder v. Noble, 94 Pa. 288. And an execution on such judgment, or a suit on a purchase money note or bond, is a proceeding in rem : Shnyder v. Noble, supra. The security is enforceable, even against the land bought, only on the ground that it is inequitable to allow her to refuse payment of the purchase money and yet hold the land.

2. If a married woman owning the undivided one half of land can take the other undivided one half in a partition proceeding, and, by giving a recognizance for the price of the one half so taken, can bind the title she previously held, we have an exception to the rule already stated, which, to say the least, has never been announced by this court. The decision of the court below was rested on two assumed facts : (a) that Mrs. Snively was authorized by the express words of the act of March 29, 1832, P. L. 201, to accept the land at the valuation; and (b) that upon taking the land she was required by the act to give security by recognizance. From the facts thus assumed the court argued that ex necessitate she must have power to give the required recognizance, and thereby bind her inherited interest in the land.

3. Without for a moment conceding the correctness of this reasoning, we deny the facts on which it is based. Under the facts of this case, Mrs. Snively was not "authorized to accept the land at the valuation." It was awarded to her without her husband's consent and against his protest, and his request to be allowed to bid in her right was refused. In such circumstances, she had no right to bid at all, if the doctrine announced by this court in Evans v. Ross, 107 Pa. 236, be correct. She took the land, however, with the consent of Irene R. Eby, who was bound to know that she was dealing with one not sui juris. Mrs. Snively was in the attitude of a married woman purchasing land, not under any statute, but of her own volition and without her husband's consent, and could bind for the purchase money no more than the interest purchased.

4. But, even if the statute authorized her to take the land, it did not require her to give a recognizance. The words of the act are, "by recognizance or otherwise." The answer to

the ex necessitate argument is that the court is bound to know that a married woman's obligation will bind only her acquired interest, and its duty is to require of her other security. It is common practice to require additional personal security. If Mrs. Snively had bought her sister's half of this land and given a judgment therefor, no one would contend that it would bind more than the interest thus bought. And one who takes land in a partition is "exactly in the situation of any other purchaser from tenants in common:" Cubbage v. Nesmith, 3 W. 316. The rule that the recognizance binds the whole estate, therefore, cannot apply as against a married woman.

*Mr. W. U. Brewer* (with him *Mr. B. F. Winger*), for the appellee :

1. If the question whether a recognizance binds the whole estate were a new one, it might be sufficient to say that, as the heir who is outbid loses his estate by a decree of the court, and not by his own choice, justice requires that the lien for the owelty money should attach to the whole land. But the very question has been decided in Cubbage v. Nesmith, 3 W. 314, and McCandless' App., 98 Pa. 489. These decisions make an end of the case.

2. By the very terms of the decree awarding this land, the owelty money became a lien upon the entire estate. That decree was warranted by § 38, act of March 29, 1832, P. L. 201. But it has never been appealed from, and even if erroneous is binding in this collateral proceeding: Clemens's App., 2 Pa. S. C. Dig. 280. Even if Mrs. Snively could not give a recognizance, she held the land subject to this lien. Title in partition passes only subject to the decree and on compliance with the conditions thereof: Bellas v. Evans, 3 P. & W. 479 ; McClure v. McClure, 14 Pa. 134.

3. A wife may take lands in a partition proceeding and give a recognizance therefor : Barkley's App.,3 Pa. S. C. Dig. 341 ; McCandless' App., 98 Pa. 489; Leibert's App., 119 Pa. 517. She is within the letter of the law, which provides for awarding the land to daughters in the order of their birth, without mentioning their husbands. She can be made a party in partition without her own volition, notwithstanding her coverture, and is bound to obey all orders of the court. When

the court orders her to give a recognizance, its force and effect will be the same as in the case of other parties.

· 4. A married woman's disabilities incident to coverture have no application to proceedings in partition. Partition is an incident to tenancy in common, and therefore she may bind herself even by an amicable partition. But if there be error in awarding the land to the wife at all, the decree so made is conclusive and binding, and cannot be questioned in this proceeding: Painter v. Henderson, 7 Pa. 48; Herr v. Herr, 5 Pa. 428; Merklein v. Trapnell, 34 Pa. 42. Moreover the land having been sold for the payment of this recognizance, the presumption is that the court ordered the sale only of the real estate bound by the recognizance. The fund produced by the sale must therefore be applied to its payment.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an appeal from the decree of the Orphans' Court of Franklin County, distributing the estate of Martha J. Snively, deceased. The principal question was the effect of the recognizance given by the decedent within a year before her death, for the real estate of her deceased father, awarded to her by the Orphans'. Court under proceedings in partition. The auditor held that inasmuch as the decedent was a married woman when she took said land and gave said recognizance, the recognizance was a lien only upon that portion of the real estate which the recognizor acquired by the decree of the court awarding the same to her, and that it was not a lien upon that portion of said real estate which she took in her own right by descent. Distribution was made accordingly. The Orphans' Court, upon exceptions filed, reversed the auditor and held that the recognizance was a lien upon her whole interest in the land, both as to the share she took under the proceedings in partition, and the share she took by descent. In this we think the learned judge was right.

No question arises here as to the respective rights of the husband and wife to bid for the property at the time of the partition. Nor does any other question arise as to the regularity of those proceedings. No appeal was taken and we have, therefore, the difinitive decree of the Orphans' Court settling that matter. The only question left is the effect of the recognizance.

It was contended that because the recognizor was a feme covert she could only bind the interest she acquired; that the recognizance had no greater effect than a judgment given by a feme covert for the purchase of real estate, which can only be enforced against the particular real estate thus acquired. We see no analogy between a purchase-money judgment given by a married woman and a recognizance given by her for owelty in proceedings in partition. It is well settled that such recognizance is a lien upon the whole estate thus taken: McCandless' App., 98 Pa. 489; Long v. Long, 1 W. 265; Cubbage v. Nesmith, 3 W. 314. This is conceded as to such recognizances generally, but it was contended that the rule does not apply to a recognizance given by a married woman. The law makes no such distinction. The legal effect of a recognizance in the Orphans' Court is not changed because given by a feme covert. We need not discuss her right to bid, the right of the Orphans' Court to award the property to her, and her right to give the recognizance in question. All this is settled, as before observed, by the decree of the Orphans' Court. An error in either of these particulars would render the decree voidable merely. It could not be attacked collaterally. It was held in Painter v. Henderson, 7 Pa. 48, that where in partition, on petition of collateral heirs, land was assigned by the court to the widow at a valuation, and the time for an appeal had elapsed, a purchaser cannot object for the defect, although such decree was not authorized by an act of assembly, which allows an assignment to heirs only. In the case in hand the wife bid for the property; it was awarded to her by the court, and the recognizance was given in obedience to the order and decree of the court. It is idle, now, upon the distribution of the proceeds of the sale of this same real estate after her death, to call in question the regularity of the proceedings of the Orphans' Court or the effect of the recognizance.

The decree is affirmed, and the appeal dismissed at the cost of the appellant.